UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00173-TBR

C.A. JONES MANAGEMENT GROUP, LLC,
GLOBAL BOOK RESELLERS, LLC,
TECHNOLOGY ASSOCIATES, INC.,
CHARLES A. JONES and SARAH C. JONES                                   Plaintiffs,

v.

SCOTTSDALE INDEMNITY COMPANY                                          Defendant.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Scottsdale Indemnity Company's motion to bifurcate bad-faith claims and to stay discovery on bad faith pending resolution of coverage dispute, (Docket No. 31). Plaintiffs C.A. Jones Management Group, LLC, Global Book Resellers, LLC, Technology Associates, Inc., Charles A. Jones, and Sarah C. Jones have responded, (Docket No. 36), and Scottsdale replied, (Docket No. 41). Fully briefed, this matter stands ripe for adjudication. For the reasons set forth below, the Court will GRANT Scottsdale's motion, (Docket No. 31).

**Factual Background**

The instant matter concerns an insurance coverage dispute. On July 1, 2008, Scottsdale issued a business and management indemnity policy to C.A. Jones Management Group, LLC; the Policy covered claims against that company, several of its affiliates, and their directors, officers, and employees. Under the Policy, Scottsdale was required to pay for the defense of such claims as well as any losses arising from them. The claim at issue here concerns a series of three lawsuits that arose from the soured business relationship of David Griffin and Charles Jones. *See Griffin v. Jones et al.*, Case No. 5:12-cv-00163-TBR; *Griffin v. Jones et al.*, Case No. 5:12-cv-00033; and *Robert H. Waldschmidt, Trustee v. C.A. Jones*

*Management Group, LLC, Charles A. Jones, and Scott Wright*, UBSC MDTN, Adv. Proc. No. 3:13-ap-90101.

When Scottsdale denied coverage for the defense of these lawsuits and for any resultant losses, Plaintiffs filed the instant lawsuit. They allege claims of breach of contract, bad-faith settlement practices, and unjust enrichment. Scottsdale now moves the Court to bifurcate the coverage and bad faith issues and to stay discovery on Plaintiffs' bad-faith claims and until the coverage issue is resolved.

**Legal Standard**

Although a federal court sitting in diversity applies state substantive law, it nonetheless applies federal procedural law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Accordingly, federal law governs bifurcation in diversity cases. *See, e.g.*, *Brantley v. Safeco Ins. Co. of Am.*, 2011 WL 6012554, at *1 (W.D. Ky. Dec. 1, 2011) (applying Fed. R. Civ. P. 42(b) in deciding whether to bifurcate a diversity action brought under Kentucky's Unfair Claims Settlement Practices Act).

The decision to bifurcate rests firmly within the discretion of the trial court. *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005). Federal Rule of Civil Procedure 42(b) provides that a court may bifurcate a matter into separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." Making this determination, a court should consider "'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting inconvenience and economy.'" *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)). Courts should look to case-specific facts to determine whether bifurcation is appropriate, placing the burden on the party seeking bifurcation to show that separation of issues is the most appropriate course. *See, e.g.*, *Soudemire v. Mich. Dep't of Corr.*, 2011 WL 2447992, at *2 (E.D. Mich. June 14, 2011); *Farmers Bank of Lynchburg, Tenn. v. BancInsure, Inc.*, 2011 WL 2023301, at *1 (W.D. Tenn. May 20, 2011).

The decision to stay discovery on a bad-faith claim while the underlying contract claim is pending is likewise within the trial court's discretion. *Smith*, 403 F.3d at 4088. Where the bad-faith claim depends on the resolution of the underlying contractual dispute regarding the insurance policy, it is reasonable for a court to resolve the coverage question before allowing the bad-faith claim to proceed. *Id.*

### Analysis

Scottsdale's motion requests both bifurcation of trial and a stay of discovery on Plaintiffs' bad-faith claims. The Court will address each in turn.

### I. Bifurcation of trial

District courts regularly confront motions for the bifurcation of claims for coverage under an insurance agreement and claims of bad-faith on the part of the insurer. *See, e.g.*, *Brantley v. Safeco Ins. Co. of Am.*, 2011 WL 6012554, at *1 (W.D. Ky. Dec. 1, 2011); *Hoskins v. Allstate Prop. & Cas. Co.*, 2006 WL 3193435, at *2 (E.D. Ky. Nov. 2, 2006). If a bad-faith claimant cannot prevail on the coverage issue, her claim of bad-faith necessarily fails; accordingly, such cases lend themselves to bifurcation under Rule 42(b). *See Brantley*, 2011 WL 6012554, at *2; *Honican v. Stonebridge Life Ins. Co.*, 2005 WL 2614904, at *2 (E.D. KY. Oct. 13, 2005): *accord Davidson v. Am. Freightways*, 25 S.W.3d 94, 100 (Ky. 2000) ("Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute."). Such a finding is important because "whether the resolution of a single issue would be dispositive of an entire claim is highly relevant in determining the efficacy of bifurcation." *In re Beverley Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982).

Federal district courts in Kentucky frequently sever the trials for contract and bad-faith claims in lawsuits analogous to the instant action. *E.g.*, *Brantley*, 2011 WL 6012554; *Bruckner v. Sentinel Ins. Co., LTD*, 2011 Wl 589911 (E.D. Ky. Feb. 10, 2011). That courts occasionally have decided against bifurcating first-party cases between the insurer and insured is unremarkable, given that bifurcation decisions are made on a case-by-case basis. However, it is noteworthy that courts have consistently

bifurcated cases where resolution of a single claim would be dispositive of the entire case. *See e.g.*, *Smith*, 403 F.3d at 407; *Beverly Hills*, 695 F.2d at 216; *Brantley*, 2011 WL 601 2554, at *2; *Bruckner*, 2011 WL 589911, at *2.

Here, resolution of the coverage dispute in Scottsdale's favor would also signal the end of Plaintiffs' bad-faith claim, as this claim would necessarily fail if it is determined that Plaintiffs are not entitled to coverage. Bifurcation of the trials will thus avoid the expense of litigating issues that may never arise and will permit consideration of a single issue at a time, thus avoiding the introduction of potentially confusing evidence until necessary. Furthermore, separating the issues in this case would pose a minimal risk of prejudice to either party. Accordingly, the Court finds bifurcation of the coverage and bad-faith issues appropriate here and will grant Scottsdale's request to bifurcate.

## II.   Staying discovery of the bad-faith claim

The Court reaches a similar conclusion regarding Scottsdale's request to stay discovery of Plaintiffs' bad-faith claims pending resolution of the coverage issue. As numerous courts have found in this context, staying discovery of the bad-faith claim pending resolution of the underlying contractual dispute would both prevent prejudice and further judicial economy. *See, e.g.*, *Brantley*, 2011 WL 6012554, at *2; *Bruckner*, 2011 WL 589911, at *2; *Secura Ins. Co. v.G orsick*, 2008 WL 152101, at *2 (W.D. Ky. Jan. 15, 2008); *Pollard v. Wood*, 2006 WL 782739, at *2-3 (E.D. Ky. Mar. 27, 2006). Accordingly, the Court finds that staying discovery of the bad-faith claims pending resolution of the coverage issue would also prevent prejudice, eliminate potentially unnecessary litigation expenses, and further the interests of judicial economy. Therefore, the Court will grant Scottsdale's motion to stay discovery.

## Conclusion and Order

For the foregoing reasons, Defendant Scottsdale Indemnity Company's motion to bifurcate and to stay discovery are GRANTED. The Court shall bifurcate this matter into two separate proceedings, the

first encompassing the coverage/breach of contract and unjust enrichment claims and the second Plaintiffs' bad-faith claims.  Furthermore, discovery relating to Plaintiffs' bad-faith claims is stayed pending resolution of the coverage/breach of contract and unjust enrichment issues.

    IT IS SO ORDERED.